•Chief Justice Roberts on
delivered the Opinion of the Court.
Three questions will be considered in this case:—
First. Can'a joint tenant maintain a warrant against his co-tenant for a forcible detainer ?
Second. What should be the form of the warrant, and the character of the judgment for restitution, m such a p
*112 Third. Can a warrant for forcible detainer be maintained against a person who was not in possession at the date of the warrant, and who had never been the tenant of the plaintiff ?
I. Ejectment may be maintained by one joint tenant against a co-tenant for an actual disseizin ; and no reason can be perceived why a warrant for a forcible detainer may not be maintained between the same parties. A warrant for a forcible detainer may be maintained although the relation of landlord and tenant did not exist between the parties ; but then actual force must be proved. Cammack vs. Macy, 3 Mar. 297.
II. A warrant in favor of one joint tenant against another, may be in the form prescribed by the statute. It is not necessary that the warrant should describe the precise character of the possession. But the judgment fpr restitution should be — according to the right established by the inquisition — -for an undivided interest.
III. A warrant for a forcible detainer cannot be maintained against a person who was not in fact forcibly detaining when it was issued ; but it should always be brought against the person who, at its date, was in the actual possession of the thing detained.
As, in this case, Oliphant, and not Eads, was, at the date of the warrant, in the possession of the house which is the subject matter of this controversy, the judgment against Eads, for restitution, cannot be sustained.
Wherefore, without noticing any other objection, the judgment must be reversed, and the cause remanded.