HAIL MASON, plaintiff in error *v.* JOEL FINCH, defendant in error.

*Error to Madison.*

The statute of the State of Illinois, in relation to forcible entry and detainer, is more comprehensive than the English act. It authorizes the action to be maintained against a lessee who holds over, after the determination of his lease, whether he holds by force or not, provided the lessor has given him notice to quit.

One joint tenant, or tenant in common, may maintain an action for forcible entry and detainer against his co-tenant.

THIS cause was tried at the August term, 1838, of the Madison Circuit Court, before the Hon. Sidney Breese.

A. COWLES and J. M. KRUM, for the plaintiff in error, relied upon the following points and authorities:

1. That the facts set forth in the affidavit were not sufficient to authorize the justices of the peace to issue their writ and entertain cognizance of the cause. R. L. 311.(1)

2. One tenant in common cannot maintain an action of forcible entry and detainer against his, co-tenant. The possession of one being the possession of both. 2 Blac. Com. 48, 180, 183;

(1) Gale's Stat. 313.

Cruise's Digest 446; Bigelow's Digest 447, 453; 1 Chit. Plead. 170; 4 Pick. 127.

3. The defendant in error should have brought trespass. The statute gives that remedy upon a state of facts shown by the affidavit. R. L. 474, § 3.(1)

WILLIAM MARTIN, for the defendant in error, cited 3 Bac. Abr. 708, 710; R. L. 313.(2)

LOCKWOOD, Justice, delivered the opinion of the Court:

Finch made complaint on oath before two justices of the peace, that he and Mason were joint tenants of a dwelling-house in the county of Madison, and that Mason, with force and arms, forcibly entered into the whole of the dwelling-house, and turned Finch out of the possession of his moiety of the house, and keeps him out; and prays of the justices, that he may be restored to the possession of the undivided half of the house.

On the trial of this complaint, before the justices, a verdict was found in favor of the defendant below, and the cause was removed into the Circuit Court by appeal.

In the Circuit Court, Mason moved the Court, that the appeal be dismissed, because it appeared from the complaint of the plaintiff below, that the parties were joint tenants, and as the possession of one, is the possession of both in law, neither can maintain an action for forcible entry and detainer, against the other. The motion to dismiss was overruled by the Court. On the trial of the cause in the Circuit Court, a verdict of guilty was found against the defendant below, and judgment rendered that the plaintiff be put in possession of the undivided moiety, or one half of the whole dwelling-house described in the complaint. To reverse this judgment, a writ of error has been brought to this Court, and the only point made in the case, is, that one joint tenant cannot maintain an action of forcible entry and detainer against his co-tenant.

The act concerning forcible entry and detainer, was passed to restrain persons from violently taking and keeping possession of lands and tenements, although they may have title, and gives to the party thus ejected, a summary remedy to restore him to his former possession.

In England, proceedings under their acts against forcible entries and detainers, are either by indictment, or by complaint to a justice of the peace, and in either case it is a criminal proceeding, and the defendant is liable to fine and imprisonment, and the injured party to a restoration of his possession. Our act furnishes a civil remedy, and the judgment of the justices only restores the party to the possession of the premises from which he has been forcibly ejected. The scope and design of our act, is the same

(1) Gale's Stat. 514. (2) Gale's Stat. 313.

with those of England, and consequently where a party may be indicted there for a forcible entry or detainer, a civil action may be maintained here. Our act is more comprehensive than the English, as it authorizes the action to be maintained against a lessee who holds over, after the determination of his lease, whether he holds by force or not, provided the lessor has given written notice to quit.

Can then a joint tenant in England, who has actually been ousted by his co-tenant, be proceeded against under their statutes?

Russell, a late English writer on crimes and indictable misdemeanors, lays down the law in relation to forcible entry and detainer, as follows, "A joint tenant, or tenant in common, may offend against them (the English acts on that subject) either by forcibly ejecting, or forcibly holding out, his companion, for though the entry of such a tenant be lawful *per my et per tout,* so that he cannot in any case be punished in an action of trespass at common law, yet the lawfulness of his entry does not excuse the violence done to his companion, and consequently an indictment of forcible entry into a mōiety of a manor, &c., is good."(1) Russell quotes Hawkins' Pleas of the Crown, a work of high authority, for this doctrine. If we consult the reason of the case, we can readily perceive good grounds why a joint tenant should be entitled to the benefit of this act. At common law, as before stated, one joint tenant cannot maintain trespass, *quare clausum fregit,* because the possession of one joint tenant is the possession of both. A party, as much injured as if he held in severalty, is denied a remedy for an injury, upon a presumption in law which the facts of the case contradict. This is is clearly a defect in the common law, which it may well be presumed that the act against forcible entry and detainer was intended to remedy. Although at common law one joint tenant cannot maintain trespass against his co-tenant, yet he may maintain ejectment if he can prove an actual ouster, which rebuts the presumption, that the possession of one is the possession of the other; and we can see no reason, if the ejected co-tenant may maintain ejectment, why he may not avail himself of the summary remedy furnished by this statute. In Kentucky the Court of Appeals(2) decided that one joint tenant may maintain a warrant against his co-tenant for a forcible detainer, provided that the party prove that he is kept out by actual force, and the judgment would be for "an undivided interest" according to the proof.

Whether in the case under consideration such proof was given, is not made a point in the case, and it is therefore unnecessary to enquire. Both reason and adjudged cases being in favor of sus-

(1) Russell on Crimes 286.        (2) 2 Dana 111.

2p*

taining this form of proceeding, the judgment of the Circuit Court must be affirmed with costs.

*Judgment affirmed.*