JAMES LICK, Appellant, *v.* HUGH O'DONNELL, Respondent.

A deed for "one-half of my lot," accompanied by proof that the grantor owned at the time but one lot in the place, is not void for uncertainty in the description.

But if such deed is not void, it can only convey an undivided half of the said lot, and the grantee can only take as tenant in common with the grantor.

One tenant in common cannot sustain an action of forcible entry and detainer against another, for holding over. He must first resort to a court of equity for a partition of the bond in dispute.

THIS was an action brought before a Justice of the Peace, under the statute of forcible entry and detainer.

The complaint alleged that Lick, the plaintiff, being the owner of a certain piece of land, situated in San Francisco (describing the same), he leased the same to one Dennis Martin, for four months, at the rent of $400 per month, and that Hugh O'Donnell, during the said term, entered into the possession of the said premises, and holds the same under the said Dennis Martin, plaintiff, immediate lessee, and, that said Hugh O'Donnell, holding over the said premises after the expiration of the said term, and refusing to pay any rent for the same, plaintiff, by his attorney, made a demand in writing of defendant, to deliver the possession of the premises, &c., which defendant refused for the space of three days, and still refuses, &c. Wherefore, plaintiff prays for restitution, &c., and for judgment against defendant, for rent due, &c., and for damages, and further relief.

The defendant filed a plea, denying the facts in the complaint, and claiming title to the lot, prayed the cause to be transferred to the District Court, which was transmitted accordingly; and the case being in the said court, the defendant filed his answer, denying all the allegations of the complaint, and denying specially that plaintiff was the owner of the lot, or that he had leased the same to Dennis Martin, as stated, &c., and avers that he holds the same in his own right, and claims to be the owner thereof, and denies holding over of the premises, &c.

At June Term, 1851, defendant filed an amended answer, saying that if ever complainant had title as landlord to the premises, the same had ceased and determined before the commencement of this suit, and that the same was, and still is vested in defendant.

There was evidence that Dennis Martin (the tenant), had told O'Donnell, the defendant, that he might put a tent on the eastern part of the lot, which he did, placing the tent about four feet on Martin's eastern half, and about sixteen feet on the western half of the said lot. That he leased from Lick, the plaintiff, the western half of the lot (which was a 50 vara lot, No. 34), and paid $300 to Lick for the first month's rent, which he collected of Martin's tenants, and paid as agent of Martin. At the end of four months, Martin told O'Donnell to give up possession to Lick, which he said he would do, but did not.

It was admitted on both sides, that the lot was originally granted to Antonio Bujan, previous to 15th May, 1846.

Defendant gave in evidence, a deed, dated 15th April, 1850, from Antonio Bujan, who in consideration of $400 paid by H. O'Donnell, conveyed to him all his estate, &c., to that certain lot (describing it), being the western half of lot No. 34, on the plan of San Francisco, which was recorded August 5th, 1850.

This deed was objected to by the plaintiff's counsel, on the ground that defendant, being the sub-tenant of plaintiff, could not controvert his landlord's title, but must first surrender up to him the demised premises; but was admitted by the court, and excepted to.

Plaintiff then offered the following deed in evidence, dated May 15th, 1846 (which being in Spanish, the translation was admitted to be correct). .

"I, the undersigned, in presence of the witnesses, and of the Judge of this jurisdiction, do declare that I cede to Senor Francisco Ramirez, one-half of my lot; this lot contains 50 varas square, that is to say, my said cession to the said Senor Ramirez, is 25 varas square; and in order that he may occupy, possess, and use it as he pleases, as its owner and proprietor, I authenticate, and deliver to him this, to serve as security and guarantee for him, at Yerba Buena, May 15th, 1846.

"ANTONIA BUJAN.

"JOSE MARIA SANTA MARIA,
  "FRANCISCO DE HARO.

"Before me, I. DE JESUS NOE.

"Recorded in the office of the county of San Francisco, 10th February, 1851."

This deed was objected to, on the ground that it was void, from the vagueness of the description of the premises it purported to convey, and that it had no reference whatever to the land in dispute.

Plaintiff's counsel proposed to connect the deed with the premises by testimony, and its execution being admitted, the court permitted it to be read, reserving the right to strike it from the testimony in case the connection should not be shown.

Defendant's counsel excepted.

Plaintiff then offered the deposition of Antonio Bujan, to show that, at the time he executed the deed to Lick, he only owned one lot in Yerba Buena, and that that lot was No. 34.

Defendant's counsel objected to the testimony; but the court admitted it, and defendant excepted.

The deposition was read, the witness deposing that he had at the time of the conveyance, lot No. 34, and that he never owned any other real estate in Yerba Buena; and on cross-examination said, that he had sold one-half of said lot to Dennis Martin, and the other half to Hugh O'Donnell, the defendant, in this suit; and denied that he had sold any of the property referred to, to Francisco Ramirez.

Plaintiff's counsel objected that the witness could not be allowed to contradict his conveyance, and destroy the effect of the same; which the court sustained, and the defendant excepted.

The witness further stated, in answer to interrogatories, that in the latter end of 1846, he had agreed to give Ramirez one-fourth of the lot, on condition that he would fence it agreeably to Mexican law, and build a house on the share witness was to give him; but that he did not fence in the lot, nor build according to the condition. The portion to be given him was on the south side of the lot; and other than this, there was no other contract with Ramirez. To the admission of this answer, plaintiff's counsel also excepted.

The witness also said that he had possession of a lot, in 1846, near the Lagoona, and also of a tract in the Mission Dolores, in which he had built a house, in 1847. This was said in answer to the interrogatory, whether he had in possession any other real property, in said place or its vicinity. The interrogatory and answer were objected to and admitted, and excepted to by plaintiff's counsel.

The case was submitted to a jury, who found for plaintiff damages at $120 per month, for nineteen months, making an aggregate of $2280; for which the court entered judgment.

5th September, 1851. Defendant appealed.

———, for the appellant.

The deed from Bujan to Ramirez was void, from vagueness of description of the premises it purported to convey, and so as to quantity.

The conveyance was not recorded till 9th June, 1851, and it is not shown that plaintiff held under it.

Both parties claim under the same grantor, and admit that the lot No. 34 was granted to him prior to 15th May, 1846, and he conveyed to defendant, 25th April, 1850, the west half of it. Defendant was tenant of Martin, not of plaintiff. He placed his tent on the lot by Martin's permission as owner, and not as tenant.

There existed no relation between the plaintiff and defendant, that prevented the latter acquiring title. Act of 1850, p. 252, sect. 34; 1 Comstock, 253; Nelson, Ch. 256, 258.

*Hall M'Allister*, for respondent.

The vagueness in the deed was supplied by proof, that the

grantor had but one lot in Yerba Buena, at the time of the conveyance, and *that*, the lot in controversy.   Greenl. Evid., sect. 298, 300, 301, n. p. 392; 4 Mass. 204; 13 East, 9 (20) 2 N. S. Dig. 49, sect. 548.

Under Mexican law, a consideration is not essential to the validity of a deed.   "A donation between living persons, is *perfected* by the consent of the donor, and the acceptance of the donee."   5 Partides, Title 4, Law 8.

A grantor cannot be allowed to disaffirm his own act, in executing a conveyance; he may prove that it was obtained by fraud or misrepresentation, but cannot contradict it.   1 Mass. 69; 1 Day, 19.

Other points made by counsel in the case, were not considered by the court.

The opinion of the court was delivered by MURRAY, Chief Justice.

This was an action, commenced under the statute concerning forcible entries and unlawful detainers, and transferred to the District Court, upon an affidavit of title.   There is no evidence in the record showing that O'Donnell entered into possession under Lick.

The deed from Bujan to Ramirez, under whom Lick claims, calls for "one-half of my lot."   Parol evidence was admitted in the court below, to prove that, at the time Bujan executed said deed, he owned but one lot in San Francisco, viz., lot 34.   Admitting this deed is not void for uncertainty, it can only convey an undivided half of said lot.   The exact portion conveyed is not set forth by any metes or bounds, by means of which it can be separated or distinguished from the remainder.   It therefore follows that Ramirez took as tenant in common with Bujan, and Bujan having afterwards sold his remaining interest to O'Donnell, Lick, the present plaintiff, who claims under Ramirez from Bujan, and O'Donnell, hold as tenants in common, being seised for themselves, and for each other; consequently, this action cannot be maintained against O'Donnell.

Before the plaintiff can obtain any relief, he must resort to a court of equity, for a partition of the land in dispute.

Judgment reversed, with costs.