. NATHAN H. JAMISON

*v.*

WILSON M. GRAHAM.

1.  FORCIBLE ENTRY AND DETAINER—*possession of plaintiff.* In this form of action, two questions must arise, first, as to the exclusive possession of the plaintiff, and second, the invasion of his possession by the defendant.

2.  Where there was evidence tending to show both plaintiff and defendant used the premises jointly, as a pasture, it was error in the court to instruct the jury, that the plaintiff might recover, if he was in possession, without reference to defendant being also in possession. The instructions should have informed the jury that plaintiff, to recover, should have had exclusive possession.

3.  JURY—*should find the facts.* It is erroneous for the court, in instructions, to assume that facts are proved, but they should leave the jury to find the facts. It is error in the court, by instructions, in such case

to prevent the jury from finding, on the evidence, as to whether there was a joint possession.

4. FORCIBLE ENTRY—*when maintainable.* To maintain an action of forcible entry and detainer, it is not necessary that the plaintiff should have a *pedis possessio;* it is sufficient, if the premises are used and occupied for some useful purpose; but if such possession is joint, as to different persons, neither one would be entitled to the exclusive possession.

5. JOINT TENANTS—*exclusive possession by one.*   Even if one joint tenant could maintain this action against another, who has taken exclusive possession, still that could not apply to a case where the parties occupy the premises jointly, and one party seeks to recover the entire premises, to the exclusion of the other.   One joint tenant can not recover the exclusive possession of the premises against his co-tenant.

APPEAL from the Circuit Court of Henderson county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of forcible entry and detainer, brought by Wilson M. Graham, before a justice of the peace of Henderson county, against Nathan H. Jamison, to recover the possession of the south-east quarter of section 17, township 12 north of range 4, west of the 4th principal meridian. On a trial before the justice, plaintiff recovered judgment, and the defendant appealed to the circuit court of Henderson county, and a trial was had in that court, by the judge and a jury, at the March term, 1869, when the jury found a verdict in favor of plaintiff. Defendant, thereupon, entered a motion for a new trial, which was overruled by the court, and judgment was rendered on the verdict. The defendant brings the case to this court on appeal, and assigns various errors.

Mr. CHARLES M. HARRIS, for the appellant.

Messrs. GOUDY & CHANDLER, for the appellee.

MR. JUSTICE THORNTON delivered the opinion of the Court :

This was a proceeding to obtain the possession of lands where the entry was alleged to have been forcible.

Both parties, together with other persons, owned land adjoining the land in dispute, and the latter was inclosed by means of the fences of the several owners. The alleged entry was occasioned by a fence, erected between the land of appellee and the disputed land, by appellant.

The evidence tends to show, that the land in controversy was used as a common pasture, and that appellee did not have exclusive possession. There is some proof that the parties had a joint possession, with other persons.

We shall not notice the testimony further, as the judgment must be reversed, for instructions given and refused.

Two questions were to be determined by the jury: the exclusive possession of appellee, and the invasion of his possession by appellant.

The land was not cultivated, but used entirely for pasturage.

For recovery, the appellee should have had the sole control. The first and third instructions, given for him, exclude the idea of a common pasture; and authorized the jury to find for plaintiff below, even though defendant may have had the right to use the premises. From the evidence, these instructions should have informed the jury that they must believe that the plaintiff had the exclusive possession, against the defendant.

The third and fourth instructions for the plaintiff, assume possession in plaintiff, and the fourth assumes defendant's knowledge of the extent of such possession, instead of permitting the jury to believe such facts, from the evidence.

The seventh instruction, for the plaintiff, told the jury that certain acts indicated an intention to appropriate the land to useful purposes, and to reduce the same to possession. This, the jury should determine. By such charges, the court arrogates the power of the jury, and virtually dispenses with a jury trial.

The principal error of the court, both in giving and refusing instructions, was, that the jury were deprived of the right to decide as to the joint possession of the parties. There was evidence from which this might be inferred.

There need not be *pedis possessio* to support this action. It is sufficient if the premises are used and occupied for useful purposes. *Pearson* v. *Herr*, 53 Ill. 144. If such occupation was joint, as to different persons, neither one would be entitled to the exclusive possession.

It is contended, in argument, that one joint tenant, who unlawfully and forcibly excludes his co-tenant, is liable in this action. This principle, if correct, is not involved in this case. Appellee seeks to recover the possession of the entire premises. He claims the use of the whole, and not a part of the pasture. If the parties had a joint right, this would be inconsistent with the exclusive use, by either, without an agreement between them. It would be absurd, to hold that one joint tenant can deprive his co-tenant of all participation in a common right.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE WALKER took no part in the decision of this case.