Lewis v. Oesterreicher.

OSCAR C. LEWIS, Appellant, v. HENRY OESTERREICHER, Respondent.

| 47 | 79 |
| 80 | 29 |

St. Louis Court of Appeals, November 24, 1891.

1. **Landlord and Tenant : TERMINATION OF TENANCY.** The evidence in this cause is considered, and *held* to establish that the defendant was a tenant at will, and that his possession of the premises sued for was lawful; since his tenancy had not been terminated.

2. ————: **FORCIBLE ENTRY : TENANCY IN COMMON.** *Held, arguendo,* that, if premises are held jointly by two tenants in common, and one of them forcibly ousts the other from the common possession, the latter may maintain an action of forcible entry for the purpose of being restored to such possession.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Eber Peacock,* for appellant.

*Stark & McEntire,* for respondent.

BIGGS, J.—If it appears that a plaintiff cannot recover under any theory of law applicable to his pleadings, the conceded facts and his own evidence, it would be useless for an appellate court to review the action of the trial court as to the instructions or the admission of incompetent evidence offered by the defendant. In our opinion we have such a case here, and, under this

view, our discussion may be greatly abbreviated, for the reason that the plaintiff's counsel urges several assignments concerning the action of the court as to the instructions, and the admission of incompetent evidence offered by the defendant.

This is an action of unlawful detainer. The plaintiff alleged in his statement, filed before the justice, that, on the second day of August, 1890, he was lawfully entitled to the possession of the premises described, and that the defendant, on that day, "wrongfully and without force by disseizen obtained, and continues in the possession of, said premises after demand made in writing for the delivery of the possession thereof." On the trial of the cause, in the circuit court, whither it had been sent by appeal, there was a trial before the court sitting as a jury and a judgment for the defendant. From that judgment the plaintiff has prosecuted this appeal.

The plaintiff's evidence and the conceded facts may be briefly stated as follows : On the twentieth day of May, 1889, one Kerr leased the premises in controversy to the plaintiff for the period of three years, the term to begin on the first day of April, 1889, and end on the first day of April, 1892. The plaintiff fitted up the storeroom, situated on the premises, and commenced to do business in it as a merchant tailor. On the third day of April, 1889, the plaintiff and the defendant, who was likewise engaged in the same business, formed a copartnership, which, by the articles thereof, was to expire on the first day of April, 1892. By the terms of the copartnership, the plaintiff received credit for his fixtures and improvements, and concerning the lease the articles provided as follows : "Said Lewis is to assign to the firm, without charge, his lease on the premises at 513 Pine street, St. Louis, but should this partnership by death, or otherwise, be dissolved within one year from its formation, then, and in that event, said lease shall be sold to the highest bidder, and the proceeds be divided

equally between the members of said firm or their representatives." The lease was never assigned to the firm, because the lessor would not give his consent, but the firm occupied the premises and paid the rent. On the sixth day of December, 1889, a written agreement was entered into by the parties, in which a dissolution of the copartnership was agreed on, and the interest of the plaintiff in all firm assets transferred to the defendant; and contemporaneous therewith there was another written contract, in which the defendant employed the plaintiff as manager, etc., of the business until April 1, 1891, at a salary equal to one-half of the net profits of the business. The business was conducted in the same place in the name of defendant, and the rent paid out of the moneys arising from the business, until June 28, 1890, when, as the plaintiff testified, the defendant informed him that he was no longer a partner, forbade him to enter the store, and changed the locks so he could not enter.

It was also developed by the evidence that, on the twenty-second day of September, 1890, the plaintiff made a demand on the defendant for the entire possession of the property. No other notice to quit was served. This action was begun on the next day after the notice was served. The plaintiff also introduced proof tending to show that the contract of dissolution of December 6, and the bill of sale of the plaintiff's interest in the firm assets, were intended to operate conditionally, and that, as the contingency upon the happening of which they were to become effectual never arose, he remained a partner of the defendant until his ouster on June 28, 1890. It seems from the plaintiff's testimony that one Zeltner sued him on a fraudulent claim, and that, to prevent the collection of the judgment thereon, if one should be obtained, he executed the bill of sale, which by agreement was only to take effect in the event the plaintiff was defeated in his litigation with

Zeltner; that subsequently he defeated Zeltner in his suit, and established by the judgment of court that the claim was fraudulent.

On the facts as thus stated the plaintiff asserts that the agreement in the articles of copartnership to transfer the lease was insufficient to effect its assignment, and that, notwithstanding his agreement of December 6 for a dissolution of the firm, and the bill of sale of his interest in the firm property, his evidence showed, or tended to show, that the contracts were only to be operative in the event Zeltner obtained a judgment against him. The plaintiff's instructions, which were based on this theory of the evidence, were refused by the court, and it is against this action of the court that the plaintiff's counsel chiefly directs his argument.

Now, suppose we admit that the lease was never assigned and that the plaintiff remained a member of the firm until his ouster, it would still be impossible for him to recover in this action. He testified that he sublet the premises to the firm. Therefore, as far as he is concerned, the original possession of the firm, and that of defendant as a member of it, was lawful. The firm was a tenant at will under the plaintiff. If the defendant had used force or threats of violence, or what was tantamount thereto, in ousting the plaintiff from the common possession of the premises, then, as a member of the firm or as a tenant in common with the defendant, the plaintiff could have maintained an action of forcible entry for the purpose of being let into the common possession. One tenant in common may maintain such an action against his cotenant, where he has been denied the right of the common possession. The fact that the original entry and possession of the ousting tenant were lawful in no way excuses the violence or injury inflicted by him on his cotenant. *Presbrey v. Presbrey*, 13 Allen, 281; *Mason v. Finch*, 2 Ill. 495; *Eads v. Rucker*, 2 Dana, 111; *Jamison v. Graham*, 57

Ill. 94; *Hershey v. Clark*, 27 Ark. 527; *Bowers v. Cherokee Bob*, 45 Cal. 495.

But we have no such case here. The plaintiff's statement is not drawn on the theory of one tenant in common suing another to be reinstated in the common possession. He seeks to recover the entire possession. Hence, there can be no recovery on that idea. *Russell v. McCartney*, 21 Mo. App. 544; *Hyde v. Goldsby*, 25 Mo. App. 29.

If the plaintiff chooses to treat his ouster as a dissolution of the copartnership, and as a termination of the subtenancy, then before he, as landlord, could maintain an action of unlawful detainer against the defendant, he would be compelled to terminate the subtenancy by giving the defendant one month's notice to quit. R. S. 1889, sec. 6371. Until that was done, it could not be said that the possession of the defendant was unlawful as to the plaintiff, his landlord. This action was brought without such notice, and the plaintiff must suffer defeat for want of it.

Whether, as argued by the defendant's counsel, the articles of copartnership estop the plaintiff from denying that the lease was thereby assigned, or whether he is estopped by his own alleged fraudulent conduct to show that the bill of sale of December 6, 1889, was a sham or mere cover, it is not necessary for us to decide. In the treatment of the case we have conceded both the propositions contended for by the plaintiff, and have endeavored to show that these propositions, if correct, in no way helped the plaintiff out of his dilemma. But conceding, as we have done, that there was no legal assignment of the lease, and conceding further that the defendant cannot assert a mere equitable title in an action of forcible entry or unlawful detainer, as the plaintiff argued, yet the aspect of the case is not changed. It is enough to defeat the plaintiff's action that the defendant was a tenant at will, and he was such not by

virtue of the assignment of the lease, but by virtue of his lawful entry and possession.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.