## L. B. Graham v. James Ford.

1. LEASE—*when power to execute, wanting.* A party having an interest in land has no right to make a lease thereof which may interfere with the decree of the court in a partition proceeding *pendente lite* at the time of the execution of such lease.

2. TENANT IN COMMON—*when cannot maintain action against co-tenant.* A tenant in common cannot bring suit against another tenant in common to recover an undivided interest in premises unless he has been ousted or evicted by said other tenant in common.

Forcible detainer proceeding. Appeal from the Circuit Court of Fulton County; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed March 20, 1906.

LUCIEN GRAY, for appellant.

CHIPERFIELD & CHIPERFIELD and C. B. ADAMS, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

This was an action of forcible detainer brought before a justice of the peace by appellant, L. B. Graham, against James Ford, appellee, to recover the possession of the undivided two-thirds of the premises involved. A trial was had before that court, from whose decision an appeal was taken to the Circuit Court of Fulton county, where the cause was tried *de novo* and a judgment rendered in favor of appellee, Ford. Graham appeals.

Appellee, Ford, was a tenant upon the premises involved for the year ending March 1, 1905, having the full and exclusive possession under a lease made to him by Averilla Henkle, R. F. Henkle and R. F. Henkle, trustee for Grace Henkle, who owned said premises in an undivided one-third part each. Pending the running of the lease, and on May 3, 1904, Averilla Henkle brought suit in the Circuit Court

of Fulton county for a partition of said premises and had summons served therein.

On the tenth day of August, 1904, R. F. Henkle, for himself and as trustee and assuming to act for Averilla Henkle, executed a lease to appellant, L. B. Graham, for the premises involved to run from March 1, 1905, to March 1, 1906. It turned out that said R. F. Henkle had no sufficient authority to make such lease for Averilla Henkle, and presumably on that account appellant brought suit against Ford in forcible detainer for the undivided two-thirds of the premises, on the 24th of March, 1905.

In his demand, prior to the beginning of suit, appellant asked for the possession of the two-thirds interest only under the lease, alleged to have been made to him by R. F. Henkle and R. F. Henkle, as trustee or conservator.

This record presents only two questions which we think are of sufficient merit to warrant discussion. First, it appears from the evidence as abstracted that a suit in partition was commenced in Fulton County Circuit Court to partition all the lands involved, on the 3rd day of May, 1904, over three months prior to the time when R. F. Henkle attempted to lease these lands to Graham. Henkle says he was served with summons in that case; so that at the time of the execution of the lease by him to Graham there was then a suit pending in the Circuit Court for the full determination of his rights in the premises as well as the rights of all others interested. Therefore he had no power or authority to make any lease that might carry his interest or the interest of others forward to such a time as would interfere with the Circuit Court's power to direct a sale and fix the terms thereof. Upon the filing of such bill for partition the leasing, if any, should have been made by the authority and under the direction of the court in which the suit for partition was pending.

Upon the second question we hold that one tenant in common cannot bring suit against another tenant in common to recover an undivided interest in premises, unless he has been ousted or evicted by such other tenant in common. In Lick

v. O'Donnell, 3 Cal., 59 (58 Amer. Dec., 383), which was a suit to recover original possession, it was said that as the parties held as tenants in common, the action of forcible entry and detainer could not be maintained.

The case of Mason v. Finch, 1 Scam., 496, cited by appellant, does not disturb the holding announced above. In that case Finch and Mason were joint tenants of the dwelling house and Mason forcibly entered the whole of the dwelling house and turned Finch out of his moiety of the house, and in that case, while it was held that the suit was properly brought, yet there had been a previous possession and an actual ouster which warranted a recovery in such suit.

We think the judgment of the court below was right. The judgment is affirmed.

*Affirmed.*