XETER REALTY CO.

 VS. No. 7359

L. McC. DALGARN

CHARLES P. CLAIBORNE, JUDGE.

This is a suit for partition. The defendants deny plantiff's title.

1o The petition alleges that the plaintiff is the owner of the following property:

" The undivided one-half interest of an irregular square of ground bounded by Mandeville, Spain, Ne Plus Ultra, and Sere Streets, in accordance with the D'Hemecourt map and the Assessment rolls; said square was formerly known as Square 12 on a plan of property known as the continuation of Suburb Franklin made by P. r. on February 25th, 1857, deposited in the office of A. otary Public, and had the following measurements: 320' andeville Street; 75' 7'' front on Sere Street; 57' 7'' on Spain Street; 309' 3''6'''front on Richelieu Street; ' 6''' on line separating said fractional square from iginally part of the Hopkins Plantation, now owned by sville and Nashville Railroad Co.;

II that the plaintiff purchased said property from the Louisiana, through Paul Capdevielle, Auditor, acting by of Act 80 of 1888 as amended by Act 126 of 1896, by act ugust 28th, 1905, Reg. C. O. January 31st, 1906 in Bk.208

III that said property was bid in and adjudicated to the ce by the State Tax Collector for the delinquent tax of 1882, essed in the name of J. Q. A. Fellows at an offering under Act of 1882, on February 21st, 1885, as appears by act dated Febru- '4th, 1885 before A. A. Ker, Notary, Reg. CO. August 29th, 1k 122 p. 557;

IV that Louis Mc C. Dalgarn, A. D. Preston, and Charles s claim to be the owners of the other undivided one- of said square of ground;

2

V that plaintiff is unwilling to remain any longer in indivision of said property and desires to have a partition thereof.

He prays to be recognized as the owner of the undivided one-half of said square, and for a partition thereof.

Labarre disclaimed any title to any part of said property.

Dalgard and Preston denied all the allegations in plaintiff's petition contained, and averred: That the pretended sale to the plaintiff transferred to it no ownership, and that the sale property to John Watt by act dated June 11th, 1914 (?1904), Reg. C.O. 198 p. 601; and that John Watt, sold said property to respondents, Dalgarn and Preston, by act under private signature dated June 18th, 1912 Reg. C.O. 257 - 17;

That by act before Robert Legier, Notary, dated November 15th, 1910 Reg. C.O. 235 - 463, the City of New Orleans sold said property to W. C. Jones; and by act under private signature dated June 18th, 1912 Reg. C.O. 257 - 17 W. C. Jones sold the same to respondents;

They further averred that their vendors have had the possession of said property as owners since the date of their first purchase and that they also have had possession of the same as owners since the date of their purchase; that by written lease dated June 18th, 1912 for a period ending September 1st, 1915, they leased the same to Alphonse Tricou who is in possession thereof.

Upon the trial of the case, the plaintiff offered in evidence the act of sale before A. A. Ker, Notary, dated February 24th, 1885 by which the State Tax Collector, acting under Act 96 of 1882, adjudicated to the State for delinquent taxes of 1882 assessed against J. Q. A. Fellows the following property:

"One-half of a certain square of ground in the Third District of the City of New Orleans, in Square No. 2335, oounded by Mandeville, Spain, Sere, and Ne Plus Ultra Streets".

It also offered the Auditor's deed dated August 28th,1905, under Act 126 of 1896, to the Xeter Realty Ltd., plaintiff herein, to identically the same property described in the tax-deed to the State for $1.44.

The defendant offered in evidence the following documents:

3

1o the Act of sale by the Auditor to John Watt to be produced, dated June 11th, 1904, under Act No. 80 of 1888 Sec. 3 and Act 126 of 1896, to one-half of the Square No. 2335 and the certificate of registry in the Conveyance Office; 2o the act of sale under private signature from John Watt to Dalgarn and Preston dated June 18th, 1912 and the certificate of registry in the Conveyance Office. It was admitted that John Watt sold the property to Dalgarn and Preston; 3o the act of sale from the City of New Orleans to W. C. Jones dated November 15th, 1910 before Robert Legier and the certificate of registry in the Conveyance Office; 4o the act of sale from W. C. Jones - to be produced. It was admitted that whatever title Jones acquired from the City, he transferred to Dalgarn and Preston, and that Tricon would testify that he was in actual possession of one-half of the square as a tenant from June 18th, 1912 to the present time.

There was judgment for defendants and the plaintiff has appealed.

None of the documentary evidence offered by the defendants is in the transcript. The case has been submitted on briefs. Plaintiff has filed his since October 1918, but it does not appear that defendants have filed any.

Plaintiff does not deny defendants' title. On the contrary, its suit for a partition admits their title. C. C., 1330 (1253). Its contention is that it acquired "one undivided half of the Square", and that the defendant is the owner of the other undivided half, and that, therefore, it is entitled to institute an action of partition. We do not so construe plaintiff's title. It acquired "in ipsissimis verbis "one-half of a certain square of ground &c". We understand that description to mean a certain and determinate half of a square; in other words the one-half of the square owned by the party assessed in 1882 namely J. Q. A. Fellows. The description may be vague and uncertain, but that is what we believe it means. Assessors do not list porperty by undivided proportions of ownership. All property is assessed as a whole. When owned by several owners in indivision, the names of all the coproprietors are mentioned as owners. The proportion of their ownership is not mentioned. The fact that J. Q. A. Fellows is alone

4

mentioned as the owner indicates that he was believed to be the owner of the whole. When the taxes on the property are not paid, the property as a whole, is advertised for sale, and the names of the coproprietors are published in the list of delinquents, and the property assessed is sold as a whole. 33A., 1162. This is what was done in this case. The property assessed and sold was the "one-half of a certain square of ground &c". Whether the defendants are in possession of the one-half square assessed and sold to them or to plaintiff is another question not raised here and with which we have nothing to do. The proper manner of assessing property held in indivision is stated in 50 A., 37, 42, 44. The case relied on by the plaintiff, Lick vs. O'Donnell, 3 Cal., 59, does not apply. In that case the vendor, owner of one lot, sold "one-half" of his lot. The Court held that the words "One-half" meant "an undivided one-half of the lot" and refused to allow testimony to explain the meaning of the words or the intention of the parties. Without criticising the opinion we are content with saying that the facts of the two cases are different.

The judgment of the District Court is therefore affirmed.

April 5th, 1920.