## John Makarewicz, Appellee, v. Victor Nowicki, Appellant.

### Gen. No. 25,979.

1. LANDLORD AND TENANT, § 5*—*what constitutes lease.* Where, during the occupancy of a building by two cotenants holding a contract for the purchase of the premises, one agreed to sell his interest to the other and the purchaser gave his note due in 30 months, which note and the deed were placed in escrow, and the seller agreed to pay rent, pending the maturity of the note, for the flat occupied by him and to remodel such flat, and also remained liable on the original contract, the character of the occupancy, although doubtful, was treated as a leasing, but it was held that it would be unjust to deprive the tenant of his interest in the premises with the right of possession of his moiety, because of the temporary agreement for a lease.

2. LANDLORD AND TENANT, § 6*—*what relation is not inconsistent with lease.* The relation of landlord and tenant is not inconsistent with the respective rights of the parties as tenants in common, and the termination of this relation cannot affect such respective rights.

3. ESCROWS, § 1*—*what is nature of an escrow.* An escrow is nothing more than a mere scroll until the condition is performed which makes its delivery obligatory.

Appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the March term, 1920. Reversed. Opinion filed October 11, 1920.

OTTO H. BEUTLER, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

VICTOR FROHLICH, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff, bringing an action in forcible detainer, upon trial by the court had judgment for possession, from which defendant appeals. The joint relations of plaintiff and defendant with reference to the purchase and occupancy of the property in question are presented as matters of defense, but plaintiff asserts an oral lease to defendant and invokes the well-known rule that in an action of this sort the defendant cannot question the title of his landlord. This seems to have been the view of the trial court, and judgment for plaintiff followed accordingly.

The facts adduced by defendant, and claimed by plaintiff to be immaterial, are: November 15, 1918, plaintiff and defendant entered into a contract for the purchase of the premises, apparently a two-story flat building, from Robert Uihlein and wife, a warranty deed to be delivered when certain payments were made in monthly instalments for 54 months thereafter. Both plaintiff and defendant took possession of the premises, plaintiff occupying the downstairs and defendant a portion of the second floor. Pursuant to an agreement between them they commenced to remodel the building but after a time fell into disagreement as to this, which resulted in an arrangement whereby plaintiff was to purchase defendant's interest in the premises by paying to defendant the amount of his investment in the building, which was agreed upon as $1,250. Plaintiff not having this amount in cash, it was verbally agreed that he and his wife should execute to defendant their note for $1,250, payable in 30 months with interest, and that defendant and his wife should execute to plaintiff a quitclaim deed of their interest in the premises; that both this note and deed should be placed in escrow with a third party, the deed to

be delivered when the note was paid by plaintiff; there is no dispute as to this. Defendant testified that it was further agreed verbally that during the escrow he was to occupy the rear upper flat and pay therefor $24 a month, and the lower floor was to be occupied by plaintiff at $65 a month; that plaintiff was to collect the rent from another occupant of a portion of the building and with these receipts pay the monthly instalments with interest due on the contract of purchase with Uihlein; that this arrangement was made so that during the period of escrow the income from the occupation of the building should be applied towards meeting the instalments on the Uihlein contract. It was also agreed that defendant was to complete the remodelment of the flat he was to occupy with his own money. In accordance with this verbal agreement the note and quitclaim deed were executed on January 7, 1919, and together with the Uihlein contract placed in escrow with a bank; defendant then completed the remodelment of the flat at his own expense and paid his $24 a month up to December 10, 1919, receiving therefor receipts as for rent, but at this time plaintiff served him with a 30 days' notice of termination, and although defendant tendered to plaintiff $24 to cover the payment of the January rent then due, plaintiff refused to accept it and brought this forcible detainer suit. The position of plaintiff seems to be that this amounted to an oral lease for a term of at least 30 months, the date of the maturity of the note, hence was void under the Statute of Frauds and became a month to month tenancy subject to termination upon 30 days' notice.

Under the Uihlein contract plaintiff and defendant took possession as tenants in common, each entitled to his moiety. The quitclaim deed to plaintiff placed in escrow did not affect defendant's interest and would not deprive him of the same until the conditions of the escrow agreement had been fulfilled, namely, the pay-

ment of the note of $1,250, maturing 30 months after its date. A deed placed in escrow to be delivered upon the performance of a condition has no effect or force until the condition is performed. As was said in *Fitch v. Miller*, 200 Ill. 170: "It is nothing more than a mere scroll until the condition is performed which makes its delivery obligatory." *Hudson v. Hudson*, 287 Ill. 286.

While there may be doubt as to the character of the occupancy by defendant under the verbal agreement for the payment of $24 a month, we are inclined to consider it as a leasing as claimed by plaintiff. Does it follow that defendant must be ousted from possession of his moiety of the premises upon the termination of this lease? We hold that it does not. While there has been some question as to the right of one tenant in common to lease his share to his cotenant, weight of precedent recognizes that such a leasing may be made and that one tenant in common may deal with his cotenant with respect to his interest as he might with a stranger. 1 Tiffany on Landlord and Tenant 407, and cases there cited. The same author in the same paragraph also says:

"If, in such a case, the lessee retains possession after the termination of the lease, he is, it has been decided, to be presumed to be holding, not by reason of his entry under the lease as tenant by sufferance, but by reason of his title as tenant in common."

In Taylor's Landlord and Tenant (5th Ed.), sec. 115, the rule is stated thus:

"One joint tenant or tenant in common may make a lease of his part to his companion, and this gives him a right of taking the whole profits, when before he had but the right to a moiety thereof; he may contract with his companion for that purpose as well as with a stranger. If a tenant in common hires of his cotenant, and for a term occupies exclusively, he is not bound at the expiration of the term to abandon possession nor to make partition and occupy only one-half, even though his cotenant has given him notice to quit;

it is sufficient if he offers possession of half, and does no act to prevent his cotenant from occupying with him." (Citing *Mumford v. Brown,* 1 Wend. [N. Y.] 52.)

*Mason v. Finch,* 2 Ill. (1 Scam.) 495, was an action of forcible detainer by one cotenant against the other, and the judgment was that plaintiff be put into possession of the undivided moiety or one-half of the dwelling house described in the complaint. In the Supreme Court it was urged that one joint tenant could not maintain an action of forcible entry and detainer against his cotenant. It was held that as one cotenant may maintain ejectment if he can prove an actual ouster, so one joint tenant may maintain an action of forcible detainer provided the plaintiff prove that he is kept out by actual force and the judgment would be for "an undivided interest" according to the proof. In *Jamison v. Graham,* 57 Ill. 94, plaintiff, a tenant in common, had a judgment against his cotenant in an action of forcible detainer. This was reversed by the Supreme Court, the opinion saying:

"If the parties had a joint right, this would be inconsistent with the exclusive use, by either, without an agreement between them. It would be absurd to hold that one joint tenant can deprive his cotenant of all participation in a common right."

In *Graham v. Ford,* 125 Ill. App. 578, the court said of a similar forcible detainer suit:

"We hold that one tenant in common cannot bring suit against another tenant in common to recover an undivided interest in premises, unless he has been ousted or evicted by such other tenant in common. In *Lick v. O'Donnell,* 3 Cal. 59, which was a suit to recover original possession, it was said that as the parties held as tenants in common, the action of forcible entry and detainer could not be maintained."

The general doctrine has been stated in Freeman on Cotenancy and Participation (2nd Ed.), sec. 295:

"It is said that a cotenant is liable in England to

a criminal prosecution for forcibly ejecting or forcibly holding his companion out of possession. The Supreme Court of Illinois at an early date maintained that the object of the forcible entry and detainer act of that State was to create a civil remedy in all cases which in England would have sustained a criminal prosecution; and therefore, that redress might be had in Illinois under the act of that State by one tenant in common or joint tenant against his cotenant, where the latter forcibly ousted the former. (Citing *Mason v. Finch, supra.*) A like conclusion had been reached a few years previously in the Court of Appeals of the State of Kentucky. The judgment in such cases like that on ejectment 'should be according to the right established for an undivided interest,' i. e., it should authorize the putting of plaintiff into possession, but not the putting of the defendant out of possession. (Citing *Jamison v. Graham, supra.*) If a lessee is also cotenant at the termination of his lease and on that account is entitled to remain in possession, he cannot be proceeded against under the act in reference to unlawful detainers and thereby compelled to surrender the entire possession." (Citing *Henderson v. Allen,* 23 Cal. 519; *Lick v. O'Donnell,* 3 Cal. 59.)

The rule above stated is manifestly supported by reason. It would be unjust to deprive the tenant of his interest in the premises with the right of possession of his moiety because of a temporary agreement between the parties for a lease. The relation of landlord and tenant is not inconsistent with the respective rights of the parties as tenants in common and the termination of this relation cannot affect such respective rights.

It might also be noted that the defendant is obligated to make the payments under the Uihlein contract, and the judgment entered below would leave him burdened with this obligation but deprived of any of the benefits and profits from the premises to which he was entitled as a tenant in common.

For the reasons above indicated the judgment of the trial court was improper and it is reversed.

*Reversed.*

HOLDOM, P. J. and DEVER, J., concur.