The Chief Justice
delivered the opinion.
This was a warrant for a forcible entry and detainer, sued'ont by Macy against Cammack. On the trial before1 the magistrate, the jury, by their inquest, found Cammack guilty of the forcible detainer; and Cammack traversed the inquest and took the case to the circuit court,where Macy joined issue upon the traverse.
On the trial of the issue, a verdict and judgment were rendered for Macy, and Cammack has appealed to this court.
During the progress of the cause in the circuit court, sundry points were made, and exceptions taken by Cammack to the opinions of the court in relation to them; but the only point which we deem material particularly to notice, grows out of a bill of exception taken to the refusal of that court to grant a new trial, on the application of Cammack.
The application was made upon the ground, amongst' *297 otheirs, that the verdict was unsupported by the law and the facts of the case. This, we think, is strictly true. The sole enquiry involved in the i3sue joined between the parties was, whether Cammack was guilty of the forcible de-tainer or not. The warrant, it is true, had issued for a forcible entry and detainer, but the jury before the magistrate having found Cammack guilty by their inquest of the forcible detainer only, the issue joined upon the traverse of the inquest, necessarily confined the jury before the circuit court to the question, whether Cammack was guilty of the forcible detainer or not, and to that alone could they re spond their verdict, A forcible entry and a forcible de-tainer are two distinct offences, and proceedings by warrant may be had under the act of assembly for either. Both may, no doubt, be charged in the same warrant, and in that case, an inquest, finding the defendant guilty of either, would justify a judgment of restitution. But, ifthe warrant should charge one offence only, it would be wholly irregular for the jury to find the defendant guilty of the other; and, in like manner, where the warrant charges both offences, and the jury before the magistrate finds the defendant guilty of oue only by their inquest, it would be irregular for the jury, on the trial of the issue joioed upon the traverse of the inquest, to find the defendant guilty of the other offence. Such a finding, would, evidently, be no response to the issue. It results, therefore, that, to justify the verdict in this case, there should have been evidence adduced to shew, that Cammack was guilty ot a forcible detainer.
A forcible b^detaíner" al.e distinct offences, yet ™.ay he warrant&th’ jury in the country, may ^ and riot ofth5 other; on a r^jnly ,,f which*<i*ft is found guil-inr lssue
tutea*fo^c⅛1* d’tam’r there must be ac-tu.*j /oroe hand, unless the parties s a,l<} ln ll’e relation ot landlord and tenant,
To constitute a forcible detainer, there must be actual force with strong hand, except, in the case where the parties stand in the relation of landlord and tenant. In that case, if the tenant refuses to deliver up the possession of the demised premises alter the expiration ot his lease, by construction of law, it amounts to a forcible detainer, but in no other case, will constructive force constitute a forci- , . ... 7 ble detainer.
In the present case, there was no evidence conducing in the slightest degree, to prove that there was any actual force used by Cammack in detaining the possession of the premises in question, nor was there any evidence conducing to shew, that he bad entered or held the possession as the tenant of Macy. 'The verdict was, therefore, clearly un« *298 supported by evidence, and the court erred in not awarding a new trial-
Bibb for appellant, Hardin for appellee.
The other points made in the cause, relate to the controversy about a forcible entry, and if we are correct in regard to what was the point in issue, they were not within the issue, and consequently were immaterial.
The judgment must be reversed with costs, and the cause remanded, that a new trial may be awarded upon the payment of costs, and other proceedings had therein, not inconsistent with this opinion.