## American Coal Land Company, et al. v. Miller, et al.

### (Decided November 12, 1918.)

### Appeal from Bell Circuit Court.

1. Forcible Entry and Detainer—Possession.—One having a tenancy from year to year is a tenant for a term within the provisions of division 4, subsection 3, of section 452 of the Civil Code of Practice, and if one forcibly enters upon the possession of a tenant from year to year the landlord may by forcible detainer proceedings recover the possession from him, after demand and refusal.

2. Forcible Entry and Detainer—Amending Warrant.—If a tenant from year to year assigns his term without the consent of the landlord, the latter may recover possession from the assignee after ten days' written notice to quit has been given by either a writ of forcible entry or forcible detainer, as provided by section 2292 of the Kentucky Statutes. Quere: May a warrant for forcible detainer be amended so as to convert the proceedings into one for forcible entry and vice versa? The question is not decided.

METCALFE & JEFFRIES for appellants.

J. D. TUGGLE and B. B. GOLDEN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellant and plaintiff below, American Coal Land Company, is the owner of a large tract of land in Bell

county containing more than four thousand acres, it being the remote vendee of Vincent Boreing. While Boreing owned the land, one Hogan Miller became his tenant upon a small portion of the tract, on a part of which was a small house with five acres of land around it which was enclosed, and which constituted the residence of the tenant. The tenancy was from year to year, such as is contemplated by section 2295 of the Kentucky Statutes. Hogan Miller continued to occupy the premises until his death, on April 8, 1914. In the meantime the land had been sold a time or two, when plaintiff became the owner as remote vendee of Boreing, but according to the proof Hogan Miller continued to occupy the leased premises as tenant of the owner from year to year, and when he died his half-brother, appellee and defendant below, Wilkerson Miller, was present, and immediately thereafter he and his son, Leonard Miller, took possession of the leased premises and occupied them throughout the year 1914, after which plaintiff served notice on them to vacate the premises, which they refused to do, and after the expiration of thirty days from the service of the notice plaintiff obtained a writ of forcible detainer against the defendants to recover possession of the leased premises. Upon a trial of that writ before the justice who issued it there was a verdict and judgment finding the defendants guilty, but they prosecuted a traverse to the Bell circuit court and on a trial of the case in that court the jury was peremptorily instructed to and did return a verdict finding defendants not guilty, upon which judgment was rendered dismissing the writ, and to reverse it the plaintiffs prosecute this appeal.

The circuit court was of the opinion that defendants were guilty of (if anything) a forcible entry upon the premises, and since the testimony failed to show a forcible detainer of the premises (being that for which they were proceeded against) plaintiffs could not recover. When this view of the case was made manifest by the court, plaintiffs offered to amend the warrant so as to convert it into a forcible entry proceeding instead of one of forcible detainer. The court declined to permit the amendment to be filed, and complaint of this ruling is made on this appeal, it being insisted that under the authority of the cases of Powers v. Sutherland, 1 Duv. 151; Taylor v. Monchan, 8 Bush 238; Forsythe v. Huey,

25 Ky. Law Rep. 147; Hoffman v. Mann, *idem,* 255; Bailey v. Kelly, 18 Ky. Law Rep. 718; Hord v. Sartin, 26 Ky. Law Rep., 77; Witt v. Willis, 27 Ky. Law Rep. 417, and Willis v. Linn, 148 Ky. 841, it was competent to amend the warrant so as to convert the proceeding from one for forcible detainer to one for forcible entry, and *vice versa.* But this, to say the least of it, is a very doubtful proposition, since the two offenses are entirely distinct, as much so as though they were treated of under separate chapters and separate sections of the Civil Code. Cammack v. Macey, 3 Mar. 297; Rowe v. Powell, 4 J. J. Mar. 153. But we do not deem it necessary under the facts of this record to decide that question, and decline to do so.

Without setting out or incorporating in this opinion any of the evidence upon the fact of Hogan Miller being a tenant of the premises in question from year to year, it is sufficient to say that the testimony leaves no room for doubt upon that issue. He gave a deposition some time before he died in a suit between former owners of the larger tract, of which his leased premises were a part, and in that deposition he stated that he was a tenant and that he had annually paid the rents to his landlord. There is nothing to show that he changed his character of occupancy in any manner since that time, and the presumption would be that he continued his relationship as tenant of the owner of the premises. The facts and circumstances under which the defendants came into possession of the premises can best be shown by the testimony of Wilkerson Miller upon that subject, which is as follows: "Q. 4. When did you first take possession of it? A. About the 8th of April, 1914. Q. 5. How long was that after Hogan Miller died? A. Right there when he did die. Q. 6. The same day? A. Yes, sir. Q. 7. Under whose authority or permission did you go into that property? A. His. Q. 8. Under Hogan Miller? A. Yes, sir. Q. 9. He was living there in the property, and in possession of it up to the time of his death, wasn't he? A. Yes, sir. Q. 10. And you took possession under him? A. Yes, sir. Q. 11. With his permission? A. Yes, sir." . . . . Re-direct. "Q. 1. You did get possession from Hogan Miller, though, and at a time when he was in possession? A. He let me have the land. Q. 2. He let you into possession of it? A. Yes, sir." Re-cross. "Q. 1. Did you go into actual possession before his death or

after his death A. He was in possession. Q. 2. He held possession until he died? A. Yes, sir. Q. 3. And then you went in? A. Yes, right then, and I have it now."

On his cross-examination he attempts to say in a way that he purchased the premises from Hogan Miller by assuming to pay some of the latter's debts, but there was never any writing of any character executed between them, and the facts as testified to by the witness conclusively show that whatever he obtained, if anything, was only the rights of Hogan Miller. Indeed this is all that the latter could confer upon his transferee. Johnson v. Gordon, 118 S. W. R., (Ky.) 372; Haase, Jr. v. Schickner, &c., 29 Ky. Law Rep., 87.

In the Johnson case, this court, in addressing itself to the right which the assignee of the tenant obtained as against the landlord, said: "If she entered under circumstances set out in sub-section four of section 452 of the Civil Code of Practice, *supra,* she is guilty. If she entered by consent of Morrison (the tenant) then she held under him, and could acquire no greater right from him as against his landlord than he himself had."

In the Haase case, upon this same point, the court said: "The appellant took possession of the premises under the tenant, Fred Haase, Sr., and his occupancy under the assignment from Fred Haase, Sr., does not entitle him to any more rights or privileges than Fred Haase, Sr., enjoyed under his lease, and having entered into possession under and by virtue of the lease Fred Haase, Sr., held, he will not be permitted to deny that he is a tenant and thereby defeat the right of the landlord to obtain possession of the premises in this proceeding."

Defendant, to uphold the judgment, insists that the facts as testified to by Wilkerson Miller show his possession to have been obtained under one or the other of the conditions pointed out by divisions 1 and 2 of subsection Second of section 452 of the Civil Code. These divisions define a forcible entry to be: "(1) An entry without the consent of the person having the actual possession. (2) As to landlord, an entry upon the possession of his tenant at will or by sufferance, whether with or without the tenant's consent." But the testimony of Miller entirely fails to show that his possession was obtained under either of such conditions. He did not obtain his possession without the consent of Hogan Miller, who was in the actual possession, hence he does not come within the

purview of division 1 of the sub-section of the Code referred to, and since Hogan Miller was not a tenant at will or by sufferance, the entry of defendant, whether with or without Hogan Miller's consent, would not bring defendant's entry within the provisions of division 2 above set out. On the contrary, it is perfectly manifest that defendant's entry was made either under the circumstances pointed out in division 4 of subsection Third of the section of the Code, *supra,* or under the circumstances contained in section 2292 of the Kentucky Statutes. Defendant either forcibly entered upon and took possession of the premises, or he did so with the consent and as the assignee of the tenant, Hogan Miller. If his entry was forcible, it having been made upon the possession of a tenant for a term, the landlord, after the expiration of the term, upon demand and refusal may maintain detainer proceedings as against the wrongful occupant under the provisions of division 4 of Third sub-section of section 452, *supra.* After giving as much as ten days' written notice to quit, the landlord may, under the provisions of section 2292, *supra,* of the Kentucky Statutes, maintain a writ of forcible entry or detainer against the occupant to recover the possession. Accordingly the court, in the Haase case, *supra,* in considering the rights of the landlord as against an occupant obtaining his possession from the tenant, said:

"As illustrative of the legislative intention in respect to cases like this section 2292 of the Kentucky Statutes, provides that 'unless the landlord consents thereto in writing, every assignment or transfer of his term or interest in the premises, or any portion thereof, by one who is a tenant at will or by sufferance, or who has a term less than two years, shall operate a forfeiture to the landlord, who, after having given the occupant ten days' written notice to quit may re-enter and take possession, or may, by writ of forcible entry or detainer, or the proper procedure, recover possession of the premises from any occupant thereof, whoever he or she may be.'

"If the landlord in the case at bar had leased the premises to Fred Haase, Sr., for a term less than two years, he could have obtained a writ of forcible detainer against the appellant if he had entered without his consent, and the mere fact that the lease is for five years in place of two years does not deny him this remedy, as the contract between the parties provided that the as-

signment or sub-letting of the premises should forfeit the lease and give the lessor the right of entry and possession.''

In this case Hogan Miller was a tenant for a term less than two years, having a tenancy, as we have seen, from year to year. According to defendant's testimony, he purchased from Hogan Miller whatever the latter held, and after the expiration of thirty days' notice which plaintiff gave to defendant, and which included the ten days' notice required by section 2292 of the Statutes, defendant was guilty of forcibly detaining the premises and could be ousted by a writ of forcible detainer under the provisions of that section of the statute. However, if there should be any doubt about this proposition because of defendant's entry having been forcible (if we assume it to have been such) instead of with the consent of the tenant, then, since the tenancy was for a term, defendant is guilty under division 4 of subsection Third of the section of the Code, *supra*. So that in either view which may be taken of the nature of defendant's entry, he was guilty of a forcible detainer and the correct writ was resorted to by the plaintiff for the purpose of obtaining possession.

It therefore results that the court was in error in directing the jury to return a verdict of not guilty. On the contrary, if another trial should develop the facts to be substantially as shown in the present record, a peremptory instruction should be given to find for the plaintiff, and the judgment is reversed, with directions to proceed in accordance with this opinion.