## Cortright et al. *v.* American Ice Co., Appellant.

*Negligence—Automobiles—Collision—Case for jury.*

In an action of trespass to recover property damages sustained in a collision of two automobiles at a street intersection, the case is for the jury where the evidence is conflicting as to the manner in which the collision occurred.

It is the duty of a driver of an automobile who wishes to make a left hand turn from one street into the other to make such turn beyond the center point of the intersection, and also to give warning of his intention to make the turn.

Argued October 8, 1926.  Appeal No. 60, October T., 1926, by defendant from judgment of Municipal Court, Philadelphia County, December T., 1923, No. 677, in the case of Frank W. Cortright and Cortright Coal Company, a Corporation, v. American Ice Company, a Corporation. Before PORTER, P. J. HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ.  Affirmed.

Trespass for damages to automobile.  Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $420 and judgment thereon.  Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence, and refusal to direct a verdict in favor of the plaintiff.

*Frank R. Savidge,* for appellant.—It is the duty of the driver of an automobile approaching the crossing to have his vehicle under control, and where another vehicle is first at the crossing, to give it an opportunity to clear the same: Gray v. Ohio Grease Co., 283 Pa. 461; Flounders v. So. Penna. Traction Co., 280 Pa. 85; Silberstein v. Showell, 267 Pa. 298; Free v. White, 83 Pa. Superior Ct. 191; Anderson v. Wood, 264 Pa. 98; McClung v. P. T. Cab Co., 252 Pa. 478; Yeager v. Gately & Fitzgerald, 262 Pa. 467.

*Nochem S. Winnet,* and with him *John J. McDevitt, Jr.,* for appellee.—The reasonableness of the speed of a motor vehicle in passing a street intersection is a question for the jury: Kuneck v. Conti, 277 Pa. 455; Struse v. Philadelphia Rapid Transit Co., 87 Pa. Superior Ct. 46, 48.

OPINION BY HENDERSON, J., December 10, 1926:

This action arises out of an automobile collision. The appellant's complaint is that the court erred in

not giving binding instructions for the defendant or in refusing to enter judgment for the defendant non obstante veredicto. The collision occurred at the intersection of Fox Street and Hunting Park Avenue. The plaintiff's car, a Studebaker roadster driven by Mrs. Cortright, was moving eastwardly on the avenue; the driver of the defendant's truck made a left turn on to Fox Street going southwardly and in so doing brought the car in contact with the plaintiff's automobile. The evidence was contradictory as to the circumstances of the collision. The testimony of Mrs. Cortright was to the effect that the car she was driving was in a double line of automobiles moving eastwardly on the avenue and that the driver of the defendant's truck made a left turn across the avenue without notice of his intention so to do and attempted to cross the line of cars moving eastwardly; that the situation of the car she was driving was such as to prevent her from avoiding the contact of the truck with her car, the result of the impact being serious injury to the car. There was evidence also that in making the turn the driver of the truck did not proceed to the center point of the intersection of the two streets before making the turn to the south on Fox Street, a witness for the plaintiff stating that the driver just "cut across" from the north side of the avenue to the south side; that he started to turn before he arrived at the east line of Fox Street and brought the truck in contact with the plaintiff's car after it had passed the middle line of Fox Street. The testimony of the driver was contradictory of the plaintiff's evidence and the defendant's theory was that the accident resulted from the speed at which the plaintiff's car was driven— twenty-five or thirty miles an hour. The trial judge submitted the case to the jury on the question of the negligence of the defendant's driver and the contributory negligence of Mrs. Cortright, in a clear charge.

It was the duty of the defendant's driver to make the left hand turn to the south beyond the center point of intersection of the two streets and also to give warning of his intention to make the turn, for a driver of a car moving eastwardly on the avenue would ordinarily anticipate that the driver of a vehicle moving westwardly on the street would proceed in the same direction unless apprized of an intention to make the turn at the cross street: Kuneck v. Conti, 277 Pa. 455. As there was testimony that the driver of the truck made a cross cut turn and failed to give notice of this intended movement there was evidence of negligence on his part. The evidence of negligence on the part of the driver of the plaintiff's car is not so clear as to warrant a withdrawal of the case from the jury. If the cars moving eastwardly in line on the avenue were in the proximity described, the accident was not the result of the speed of the car but of the attempt of the defendant's driver to break through the line of cars moving at right angles with the direction of the truck.

We are not convinced that there was error in admitting evidence of the extent of the damage to plaintiff's car. The testimony of Mr. Levering shows his familiarity with the prices of materials and labor and the amount of damage sustained by the plaintiff. He was in daily contact with the work, and prepared the estimate and bill according to which payment was made to him by the plaintiff. A large part of the bill was for standard material, with respect to which there appeared to be little variation in price, and the account was shown to be a fair and usual charge for such material and service.

A consideration of the evidence shows that the assignments should not be sustained. The judgment is affirmed.