### Pleet, Appellant, v. Morris.

70

Argued October 10, 1929.

Before
PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Albert L. Moise,* for appellant.

*Leslie C. Krusen,* for appellee.

OPINION BY BALDRIGE, J., January 29, 1929:

On the afternoon of July 10, 1927, between 2:00 and 3:00 o'clock, the plaintiff was driving his car in a southerly direction on the right hand side of Bryn Mawr Avenue at a speed of about fifteen to twenty miles an hour, following ten or twelve feet in the rear of another automobile. The preceding car stopped suddenly at a point where the driveway came out of premises 2276 Bryn Mawr Avenue. The plaintiff put on his brakes and in order to take no chances of hitting the car ahead of him, he pulled to the side. When his car came to a full stop it was about two feet to the left and a little to the rear of the car he had been

following. The defendant was asked: "Q. Then what happened? A. Then Mr. Morris' car shot right out of that driveway to make a turn to the north and caught my car on the left front. You see he was a little in back of the car in front—possibly two or three feet."

The trial judge in entering a nonsuit said that "the plaintiff, in following an automobile about twelve feet, going perhaps fifteen to twenty miles per hour on an admittedly wet street, was guilty of such contributory negligence as would preclude his recovery in this case." He expressed a doubt as to whether or not there was any evidence of negligence upon the part of the defendant as he may have been prevented from seeing the plaintiff's automobile on account of the intervening car. The judge fell into error in concluding that the proximate cause of the collision was the plaintiff's driving too closely to another car. There was no causal relation between the plaintiff's driving twelve or fifteen feet in the rear of the other car and the collision, as the impact was not due to the proximity of the plaintiff's car to the one ahead of it.

It cannot be said as a matter of law that it was negligence for the plaintiff to occupy the position he did on the highway. The leading car had stopped and plaintiff had pulled his car to the left. In answer to the question as to how far out in the center of the street he stopped, he replied, "I would say pretty close to the center of the street." Bryn Mawr Avenue at this point is forty-nine feet, seven inches, wide. Under the testimony, the first car was being driven closely to the right curb and the plaintiff's car was but two feet to the left of it, so that the position he took on the highway was not of itself dangerous to him or to the public using the road.

After the witness, Saul, who was in the car with the plaintiff, had testified as to the relative positions

of the standing cars, the court said, ''The real question is 'Then what happened?' A. I told you the car came out of the driveway, cut sharp to the left and hit our front left, and naturally threw us over to the left of Bryn Mawr Avenue.'' From this testimony, when the plaintiff's car was at rest at a place that it had a right to be, the defendant had not entered the street. He should have stopped his car before committing himself to the highway to ascertain whether it was safe for him to enter it. The plaintiff had the right to expect that the driver of that car would exercise reasonable care in order to avoid a collision: Gillespie v. Shafer, 69 Pa. Superior Ct. 389.

Assuming the truthfulness of the testimony of the plaintiff, the proximate cause of the accident was the defendant's negligence in driving out on to the highway and hitting the plaintiff's car. Under the circumstances, as narrated upon the part of the plaintiff, the issues raised in this case were for the consideration of the jury.

The judgment of the lower court is reversed and a venire facias de novo awarded.