Donze et al., Appellants, *v.* Devlin.

Argued December 7, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Maurice H. Brown,* with him *William N. Nitzberg* and *W. F. Starsinic,* for appellants.

*Layton M. Schoch,* for appellee.

OPINION BY MR. JUSTICE DREW, January 3, 1938:

The appeal is from the refusal to take off a compulsory nonsuit entered at the conclusion of plaintiffs' evidence. Whether they established a prima facie case, taking the testimony in its most favorable light *(Foley v. Wasserman,* 319 Pa. 420; *Burns v. Pittsburgh,* 320 Pa. 92; *Deemer v. Weaver,* 324 Pa. 85), is the controlling question. If they did the nonsuit must be set aside.

In 1929 the Board of Public Education of the School District of Philadelphia executed a written lease of the Fox Chase School Building, no longer used for school purposes, to Boy Scout Troop No. 283, District 10. The lease was from month to month at a nominal rent, either party having the right to terminate it upon twenty days' written notice. Following the execution of the lease, the building was constantly used by the scouts, and in it all the equipment that the troop possessed was stored, including various flags, banners, drums, desks, books, and other paraphernalia. Without notice to the lessee the board of education awarded a contract for the demolition of the school building. The contractor had be-

gun the work of destruction on August 19, 1931, when it came to the attention of the scouts. Several of them started to remove the troop's equipment and were stopped by the contractor's foreman, who told them they might return late in the afternoon after the men quit work. This they did, bringing with them a younger brother of two members of the troop, ten years of age. The latter, while assisting in recovering some books from a window sill in one of the rooms on the second floor, fell through the open floor and was injured. It appears that "about five feet from the wall the whole length of the floor" had been torn up and that the only means of access to the books on the window sill was a "beam" or "joist." It was while walking along this "beam" or "joist" that the boy slipped and fell. The suit is by the injured boy and his parents to recover for the minor's personal injuries; it is now directed against the personal representative of the contractor, his death having preceded the time of trial.

We think the nonsuit improper. The right to the possession of the school premises was in the lessee troop. Plaintiffs' testimony was to the effect not only that no notice to terminate was ever given, but there is also a presumption of the continuance of a lease until notice of its termination: *American Coal Land Co. v. Miller*, 182 Ky. 51; *Dobbelaar v. Hughes*, 109 N. J. Eq. 200; see 2 Greenleaf, Evidence (16th ed.), section 319. A status once established is presumed to continue to exist *(Dinger v. Friedman*, 279 Pa. 8; *Hartman v. Pittsburg Incline Plane Co.*, 11 Pa. Superior Ct. 438) and the burden of rebutting the presumption is upon the opposing party. Such being the case, it follows that the scouts were entitled to possession, and that the contractor's intrusion was a technical trespass. As between landlord and tenant, the latter has the right of possession, and any invasion of the tenant's right by the landlord or by anyone deriving authority from the landlord, is a trespass.

4

The situation is one in which a trespasser created a dangerous condition (Restatement, Torts, section 381), resulting in injury to an invitee of the members of the tenant organization. The injured boy was assisting members of the troop in removing their scout property. This they and their helper had a clear right to do, and it was incumbent upon the contractor to exercise reasonable care to prevent injury to them while they exercised the right. Here the contractor did nothing in discharge of his duty to the scouts. He could have fulfilled his duty by removing their property to a place of safety, by keeping the portion of the second floor occupied by them in a safe condition until they had an opportunity to remove their property, or by some other protective measure. The contractor completely disregarded the scouts' superior right to the premises and his negligence was for a jury's consideration. It may be added that the contributory negligence of a child ten years old is particularly for a jury.

Needless to say, defendant's evidence may completely change the appearance of the case. In the case of a nonsuit, however, we have only the plaintiffs' testimony.

Judgment reversed with a venire.