Opinion by
 

 Rhodes, J.,
 

 This is an appeal by plaintiff from the refusal of the court below to take off a compulsory nonsuit entered in an action of assumpsit by plaintiff against the executors of the last will and testament of Alice Cole, deceased. If plaintiff established a prima facie case, the nonsuit must be set aside. In considering plaintiff’s evidence we must assume it to be true, and give plaintiff the benefit of all inferences fairly deducible therefrom, and resolve all doubts' in favor of a trial.
 
 Allen
 
 
 *13
 

 v. Mitten Bank Securities Corporation,
 
 129 Pa. Superior Ct. 341, 195 A. 459;
 
 Donze et al. v. Devlin,
 
 329 Pa. 1, 195 A. 882.
 

 Plaintiff’s action was instituted to recover for work and labor performed for deceased in the construction of a barn on her farm. The work was done by plaintiff between March, 1931, and April, 1933. The foundation and the superstructure were built by plaintiff, with exception of certain work which was performed by others. The barn was constructed out of second-hand lumber which was obtained from another building and transported by plaintiff. Deceased lived more than a year after the erection of the barn by plaintiff, and repeatedly stated that she was going to “make it right” with him. Deceased also stated that, plaintiff having built the barn, she was going to pay him; that she was waiting for the money she had in a closed bank to settle things with plaintiff.
 

 Although there was testimony that the labor cost for such a barn as that erected by plaintiff was approximately $300, the evidence did not disclose the value of the labor performed by others.
 

 There was offered and admitted in evidence copy of the last will and testament of Alice Cole, paragraph 5 of which was as follows: “Fifth: I give and bequeath to James Westcott, the sum of One Hundred (100) Dollars, in payment of labor building barn.” The will was executed on April 25,1934. Deceased died on May 28, 1934.
 

 Plaintiff established a prima facie case, and the non-suit was improper. Plaintiff erected the barn, with certain additional assistance; deceased recognized plaintiff as the builder of the barn; and deceased acknowledged her indebtedness to him, at least to the extent of $100 in payment of his labor. The relationship of debtor and creditor was established between the parties, and, for the services shown to have been performed,
 
 *14
 
 plaintiff was entitled to recover no less than the amount that deceased directed in her will that plaintiff should receive “in payment of labor building barn.”
 

 The photographs which plaintiff offered in evidence were properly excluded by the trial judge on the state of the record at the time they were offered.
 

 The first and third assignments of error are sustained. Judgment is reversed with a venire.
 

 
 *15
 
 rige, Stadteeld, Parker and Rhodes, JJ.