## Schildnecht *v.* Follmer Trucking Company, Appellant.

Argued April 11, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Ward Henry,* of *Swartz, Campbell & Henry,* with him *Bernard J. Myers* and *Zimmerman, Myers & Kready,* for appellant.

*Paul Mueller,* of *Windolph & Mueller,* for appellee.

OPINION BY MR. JUSTICE DREW, May 9, 1938:

Defendant frankly admits that its driver was negligent, as well it might since that fact is established by the verdict based on substantial testimony. The sole question for decision is the alleged contributory negligence of plaintiff, which we are asked to declare as a matter of law, the jury having found otherwise. After the entry of judgment, the court en banc having refused

defendant's motion for judgment *non obstante veredicto,* this appeal was taken. The facts are brief, and we shall consider them in the light most favorable to plaintiff as we are required to do: *Donze v. Devlin,* 329 Pa. 1.

The place of the accident was the Lincoln Highway, in Lancaster County, just east of the village of Kinzer, and the time, two o'clock on the morning of January 17, 1936. A ten-ton truck, with trailer attached, owned by defendant and operated by its employee, stalled upon the highway, and at a point where it was invisible to traffic approaching from the opposite direction until such traffic crossed the crest of a hill a short distance from the truck, said to be about one hundred and fifty feet. The plaintiff drove his car over the crest of that hill, at a speed of about twenty miles an hour and at once saw the truck, with its headlights burning, standing in a normal position on its right side of the road. He did not immediately see the trailer, attached to the rear of the truck and "sprawled across the road," because there were no lights upon it, and it was further obscured by the glare of the truck's headlights. When it was visible to plaintiff he attempted to stop his automobile, but was unable to do so because of the "very slippery" condition of the highway, caused by snow and ice which had accumulated there. The automobile slid downgrade and struck the trailer, which completely blocked the road. The lights on plaintiff's car were burning and he could see a sufficient distance to permit him to stop his car and avoid the collision had it not been for the misleading appearance of the position of the truck, the almost hidden trailer, and the icy condition of the highway. The same condition of the highway caused the truck to stall while climbing the hill.

We will not declare a person guilty of contributory negligence as a matter of law unless the evidence of his negligence is clear and unmistakable: *Murphy v. Bernheim & Sons, Inc.,* 327 Pa. 285. And negligence will not be imputed to a plaintiff because of his conduct when

faced with a sudden and unexpected emergency, which he had no reasonable grounds to anticipate: *Brennen v. Pittsburgh Rys. Co.*, 323 Pa. 81.

The plaintiff was not bound to anticipate negligent conduct on the part of defendant's driver. That the driver was negligent, in failing to light any flares or to take other action to warn approaching traffic, is admitted. Defendant says the sole question involved is whether plaintiff presented facts which would take his conduct from under the rule that a person operating a motor vehicle at night must so drive that he can stop his car or change its direction to avoid collision with any obstacle or obstruction that appears within the range of his headlights: *Simrell v. Eschenbach*, 303 Pa. 156. This principle is too well established to admit of any question. But it does not rule this case. Plaintiff had no reason to suspect the negligence of the truck driver which confronted him with a sudden and unexpected emergency. The truck standing on its own side, with its lights burning, with every visible indication it was in charge of a driver, gave all possible assurance to plaintiff that it was safe to pass. The situation that prevailed was like that in *Rowland v. Canuso*, 329 Pa. 72, where a motorist collided with the projecting platform of a concrete mixer parked along the highway. The position of the mixer itself was indicated by lights, but the platform had none. Holding the question of contributory negligence to be for the jury we said, at page 75: "The hazard thus created was even more dangerous in character than if no lights at all had been placed on the mixer. As Rowland approached the machine, his attention was centered on the mass of the object blocking the highway, the broad outlines of which were disclosed by the assemblage of lights strung about it. . . . The situation as it appeared to him invited the action he took. . . ." In *Adams v. Fields*, 308 Pa. 301, also similar to the instant case, we said, at page 305: "Plaintiff presented a case which did not show that he failed to exer-

cise due care. . . . He remained at all times where he had a lawful right to be. The injury was caused by the projecting body of defendant's motor truck. The plaintiff cannot be charged with contributory negligence because he was unable to observe in sufficient time to avoid the collision the fact that the body of defendant's car was projecting over on plaintiff's own proper side of the road. . . . Whether or not a driver of an automobile is under such circumstances to be charged with negligence is ordinarily a question of fact to be submitted to the jury under proper instructions, as was done in this case."

*Gaber v. Weinberg*, 324 Pa. 385, relied upon by defendant, is not applicable here. There we said, at page 388: "After he [plaintiff] had rounded the curve in the road, he had a straight range of vision for a distance of approximately 75 feet, yet he testified he did not see the truck until he was within 10 or 15 feet of it, and was then running at a speed of 25 to 30 miles an hour, which made it impossible for him to stop before reaching it. This is an admission that he did not have his car under proper control and was driving at such a speed that he could not stop within the range of his headlights." It was also an admission that he did not keep a proper lookout. There is no indication of such lack of control or failure to look in the case before us. Had plaintiff not been misled into what was equivalent to a trap by the position of the truck, and of the trailer, almost entirely obscured from plaintiff's view by the darkness of the night and the glare of the headlights of the truck, he would have seen the trailer and stopped his car in time to have avoided the collision. The admitted physical facts convict defendant and free plaintiff of negligence. Such was the conclusion of the jury, and, in these circumstances, we would not be warranted in saying as a matter of law that plaintiff was guilty of contributory negligence.

Judgment affirmed.