## Marron *v.* Elmquist, Appellant.

Argued April 21, 1938.

Before Keller, P. J., Cunningham, Baldrige, Stadt-feld, Parker and Rhodes, JJ.

*Hugh S. Millar,* with him *W. D. Brandon, J. Camp-bell Brandon* and *William Glassman,* for appellant.

*Zeno F. Henninger, of Henninger & Ehrman,* with, him *E. O. Golden,* for appellee.

Opinion by Stadtfeld, J., June 29, 1938:

This is an action of trespass for personal injuries sustained by Margaret Marron, owner and occupant of a car driven and operated by Taylor Morgan. The case was tried before Wilson, P. J., of the Court of Common Pleas of Butler County, Pa., April 14, 1937. A verdict in the amount of $425 was returned for the plaintiff. On July 16, 1937, the defendant's motion for judgment n.o.v. was refused in an opinion by the trial judge. The defendant appealed.

About one o'clock A.M. on the morning of March 22, 1936, the plaintiff, Margaret Marron, was riding in the front seat of a car owned by her and driven by Taylor Morgan. The couple were returning from a dance at Grove City College and were bound for their homes at Parkers Landing. When about thirteen miles south of Slippery Rock and directly opposite the school house, which is some seven hundred feet south of the Stone Tavern on the Slippery Rock-Butler Road, the car in which the plaintiff was riding collided with a truck owned by the defendant, Elmquist, driven by the defendant's agents, Charles A. Carlson and Leo Hadley. The truck traveling in the same direction as the plaintiff's car had stopped momentarily to change drivers; was standing on its right side of the road and occupied approximately nine feet on that eighteen foot concrete road. The plaintiff, Margaret Marron, was injured and her car was damaged by the collision.

The only assignment of error is the refusal of judgment non obstante veredicto.

Appellant contends (1) that the driver of plaintiff's car was guilty of contributory negligence; and (2) that the alleged negligence of the driver is to be imputed to the plaintiff-owner.

As stated in *Wiles v. Emerson-Brantingham Co.*, 267 Pa. 47, 48, 110 A. 280, on a motion for judgment non obstante veredicto: "...... all the evidence and inferences therefrom favorable to plaintiff must be taken as true, and all unfavorable to him, if depending solely upon testimony, must be rejected." If there be any doubt as to the inferences to be drawn from the facts where the degree of care varies with the circumstances, the question of negligence is for the jury: *Frank v. Cohen*, 288 Pa. 221, 135 A. 624; *Todd v. Nesta*, 305 Pa. 280, 157 A. 678; *Donze et al. v. Devlin*, 329 Pa. 1, 195 A. 882.

The driver of appellee's car, J. Taylor Morgan testi-

fied that "the road going by the Stone House is level and right then it starts up a grade, this grade continues quite a little distance and at the top there is a left hand turn and goes down again; it was right over the brow of this hill, we collided"; that he was going nearly thirty miles per hour; that after he reached the brow of the hill, his lights were to the right of the track, and as he rounded the curve to his left, the headlights of his car were deflected to the right and did not fall upon the truck until he was "within two lengths of his car" from the truck; that the red lights in the rear of the truck were either not lighted, or so covered with dirt as to be invisible, the rear of the truck being dirty, black and invisible; that the truck was covered and appeared very similar to the road; that when he got out of the car and made an examination of the tail-light, he noticed five lights at the top of the truck which were then quite indistinguishable, and the tail-light itself did not work; that the man who had the truck turned on the lights afterwards but that they were not on when he (Morgan) approached the truck.

The driver of appellant's truck agreed that when he came to the rear end of the truck the tail-light was not burning, although it was not broken; that he tried to light it but was not able to do so.

Margaret Marron, plaintiff, testified that when she got out of the car and looked, there was no tail-light burning.

It was not disputed that no flares were burning and no man was on the road to give warning of the standing truck.

Francis Marron, brother of plaintiff, was an occupant of the car and testified that the accident happened just over the brow of the hill; that no lights were burning on the back of the truck and that the tail-light on the truck was not burning; that he saw the man who

had charge of the truck go up to the tail-light and shake it.

John Malarkey, a nephew of plaintiff, testified that he went over to Grove City with plaintiff and her brother on March 21 and came back with them after the prom at the college; that after the collision, he got out of the car and there was no tail-light burning on the rear of the truck.

Charles A. Carlson, driver of the truck, admitted that the tail-light was not burning at the scene of the accident.

Leo A. Hadley, assistant to the driver of the truck, testified that there is no curve on the road at the point of the accident; that the curve is about 760 feet back therefrom; that between the curve at the Stone House and where the truck was parked, the road is straight away.

Section 1019 of the Motor Vehicle Code reads, "No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of the business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway: Provided, In no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway, unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred (200) feet in each direction upon such highway."

Under the testimony referred to, a disputed question of fact arose which made it necessary for the court to submit to the jury which has found in favor of plain-

tiff. This establishes the negligence of defendant's driver.

Section 1002 of the Motor Vehicle Code, which is invoked by appellant, provides as follows: "Any person driving a vehicle on the highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and of any other restriction or condition then and there existing; and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead." Subject to the condition in that section of the law, a speed not in excess of forty miles per hour is not in violation of the law.

This section has been referred to in *Stark v. Fullerton*, 318 Pa. 541, 179 A. 84, at p. 544, as follows: "This implies that the driver will always be carefully watching so much of the road as is included within that 'assured clear distance ahead,' and will always keep his car so under control that he can stop it within that distance. What this will be, of course, will vary according to the visibility at the time and other attending circumstances, but, after taking those circumstances into consideration, the requirement is fixed and unchangeable."

Appellant contends that the driver of the automobile was guilty of contributory negligence and that the relation of master and servant or principal and agent existed between him and the plaintiff and that such alleged contributory negligence is to be imputed to the plaintiff.

Quoting from the opinion of Mr. Justice DREW in *Schildnecht v. Follmer Trucking Co.*, 330 Pa. 550, 199 A. 220, "We will not declare a person guilty of contributory negligence as a matter of law unless the

18

evidence of his negligence is clear and unmistakable: *Murphy v. Bernheim & Sons, Inc.,* 327 Pa. 285. And negligence will not be imputed to a plaintiff because of his conduct when faced with a sudden and unexpected emergency, which he had not reasonable grounds to anticipate: *Brennen v. Pittsburgh Rys. Co.,* 323 Pa. 81.

"The plaintiff was not bound to anticipate negligent conduct on the part of defendant's driver. That the driver was negligent, in failing to light any flares or to take other action to warn approaching traffic, is admitted. Defendant says the sole question involved is whether plaintiff presented facts which would take his conduct from under the rule that a person operating a motor vehicle at night must so drive that he can stop his car or change its direction to avoid collision with any obstacle or obstruction that appears within the range of his headlights: *Simrell v. Eschenbach,* 303 Pa. 156. This principle is too well established to admit of any question. But it does not rule this case. Plaintiff had no reason to suspect the negligence of the truck driver which confronted him with a sudden and unexpected emergency ......"

The driver had no necessity of stopping over the brow of the hill; he failed to have the tail-light on his truck burning, and gave no warning to approaching traffic, thereby occasioning an unanticipated danger to such traffic. The admitted physical facts convict defendant and free the driver of the automobile of negligence.

Although there was no evidence from which the jury could find that the relation of principal and agent or master and servant existed between plaintiff and the driver of the automobile, or that they were engaged in a common enterprise, the court below nevertheless submitted these questions to the jury instructing them that if these relations or any of them existed, there could be no recovery. This was more favorable than defendant was entitled to under the evidence.

The jury found in favor of plaintiff and the testimony amply sustains the verdict.

Judgment affirmed.