Opinion by
 

 Stadtfeld, J.,
 

 This is an appeal by plaintiff, Theela Shoemaker, from the entry of judgment non obstante veredicto in favor of defendant after a verdict in favor of plaintiff
 
 *548
 
 in an action of trespass to recover damages for personal injuries to herself and damage to her automobile, as a result of a collision between her automobile and a truck of defendant, Kelly Williams. This was the second trial of the case, and resulted in a verdict in her favor in the sum of $600. On defendant’s motion a new trial was granted. Later, on petition of plaintiff, the case was reargued and judgment entered non obstante veredicto in favor of defendant in an opinion by Lencher, J. The court below based its action on its conclusion that the testimony did not disclose any negligence on the part of defendant’s driver, and also that plaintiff was guilty of contributory negligence.
 

 The verdict having been in favor of plaintiff, in passing upon a motion for judgment n. o. v., we must assume all evidence and inferences therefrom favorable to plaintiff, to be true, and that which is unfavorable, depending upon testimony, must be rejected:
 
 Dunbar v. Preston,
 
 285 Pa. 502, 132 A. 707.
 

 At the time of the accident in this case, the “Vehicle Code” of May 1, 1929, P. L. 905, as amended June 22, 1931, P. L. 751, was in force and effect. Article X, Section 1014 of the said Code (75 PS Sec. 573) provides, in part, as follows: “(a) The driver of a vehicle entering a highway from a private road or drive shall yield the right of way to all vehicles approaching on such highway.”
 

 The facts as gathered from the testimony are as follows : On behalf of plaintiff, the testimony was that on the morning of November 30,1934, at about nine o’clock, the plaintiff, Thecla Shoemaker, a graduate nurse employed by the City of Pittsburgh as a school nurse, was driving her Willys-Knight car to the district on the North Side of said city. She had left the Washington Crossing Bridge, and was proceeding westerly at about thirty (30) miles per hour on East Ohio Boulevard, when the defendant’s garbage truck suddenly and with
 
 *549
 
 out warning came out from a lot in front of a garage, at a point where there are three garages., The two vehicles collided, seriously injuring the plaintiff and damaging her car. Immediately before the collision, the said truck was standing — off the street — with its back wheels toward the garage, and its front wheels toward the curb; and the driver gave no warning of his intention to go out onto the street. When she first observed the truck, the front wheels were just leaving the curb. She applied the foot brake — clamped both feet down — in an attempt to avoid the collision. She could not turn her car to the left because of the heavy traffic from the opposite direction, nor to the right because there did not seem to be room to pass on that side.
 

 The defendant attempted to prove by his driver, that his truck came out of a lane, to-wit Feilbach St., which intersects east of the Boulevard, about sixty feet from the point where the garages are located, and was waiting to make a left turn into East Ohio Blvd., when the plaintiff’s car ran into his truck. This version of the occurrence was shown, on cross-examination, to be at variance with the story told by the same witness at the first trial. The story of the defense was that the truck was driven out onto East Ohio Blvd., and was standing with its front wheels in the street railway track, when the plaintiff drove off the Fortieth St. Bridge, more than a city block away, and that plaintiff, in broad daylight, drove the entire distance between the bridge and the truck, with no cars ahead to obscure her vision, and ran into the truck of the defendant.
 

 The testimony, ex parte plaintiff, clearly shows that, in violation of the Act of Assembly above quoted, the defendant’s truck was driven suddenly, recklessly, and carelessly from a private driveway in front of a garage, out onto the public highway in the face of on-coming traffic, and in utter disregard of the duty of the driver
 
 *550
 
 of the truck to yield the right of way to the car of Miss Shoemaker on the highway. Indeed, even without the statute, the act of the driver of the truck in suddenly driving out onto the highway, from a private driveway, in front of on-coming traffic, so close that a collision could not be avoided, would be negligence.
 

 In
 
 Pleet v. Morris,
 
 98 Pa. Superior Ct. 69, where the question for decision was whether the court below erred in granting a non-suit because the plaintiff was following too closely a car in front of him when the defendant’s car came out of a driveway and struck him, this court reversed the judgment and granted a new trial, because the manner of the plaintiff’s driving was not the proximate cause of the collision. At p. 72 the opinion by Judge Baldrige reads: “He (defendant) should have stopped his car before committing himself to the highway to ascertain whether it was safe for him to enter it. The plaintiff had the right to expect that the driver of that car would exercise reasonable care in order to avoid a collision:
 
 Gillespie v. Shafer,
 
 69 Pa. Superior Ct. 389.
 

 “Assuming the truthfulness of the testimony of the plaintiff, the proximate cause of the accident was the defendant’s negligence in driving out onto the highway and hitting the plaintiff’s car. Under the circumstances, as narrated upon the part of the plaintiff, the issues raised in this case were for the consideration of the jury.”
 

 It was the duty of the defendant’s driver not to drive out onto the boulevard or highway, in the face of oncoming traffic, so close to the automobile that a collision could not be avoided. The statute made such conduct unlawful.
 

 The driver of the defendant’s truck testified in his examination in chief that he drove his truck from Feilbach St. — a street intersecting with East Ohio Blvd. —onto East Ohio St., but, in, his cross-examination, he
 
 *551
 
 admitted that his testimony at the first trial was correct, and that he drove onto Ohio St. from a point near the three garages. Feilbach St. was sixty feet away from the lot on which the three garages were located.
 

 Where the evidence is conflicting as to the manner in which the collision occurred, the case is for the jury:
 
 Cortright et al. v. Amer. Ice Co.,
 
 89 Pa. Superior Ct. 373;
 
 Kinsey v. Dixon,
 
 114 Pa. Superior Ct. 244, 174 A. 585.
 

 In the case of
 
 Coolbroth v. Pa. R. R. Co.,
 
 209 Pa. 433, 58 A. 808, the court quotes from the case of
 
 Kunts v. N. Y., Chicago & St. Louis R. R. Co.,
 
 206 Pa. 162, 55 A. 915, as follows, at pp. 439, 440: “ ‘The question of contributory negligence cannot be treated as one of law unless the facts and the inferences from them are free from doubt. If there is doubt as to either the case is for the jury.’”
 

 Quoting from the opinion of Mr. Justice Drew in
 
 Schildnecht v. Follmer Trucking Co.,
 
 330 Pa. 550, 199 A. 220: “We will not declare a person guilty of contributory negligence as a matter of law unless the evidence of his negligence is clear and unmistakable:
 
 Murphy v. Bernheim & Son, Inc.,
 
 327 Pa. 285. And negligence will not be imputed to a plaintiff because of his conduct when faced with a sudden and unexpected emergency, which he had no reasonable grounds to anticipate:
 
 Brennen v. Pittsburgh Rys. Co.,
 
 223 Pa. 81.”
 

 The case was submitted to the jury in a careful charge concerning which no complaint is made. The verdict of the jury establishes the negligence of defendant and absolves the plaintiff of contributory negligence. The verdict in favor of plaintiff is amply sustained by the evidence. The court below erred in entering judgment non obstante veredicto in favor of defendant.
 

 Judgment reversed and now entered in favor of plaintiff on the verdict.