## Gardull, Appellant, v. Royal Insurance Company, Ltd.

Argued October 14, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*G. C. Woodward,* with him *Albert L. Moise,* for appellant.

*Horace Michener Schell,* for appellee.

OPINION BY RHODES, J., November 21, 1938:

Defendant issued to plaintiff a policy of fire insurance covering a frame building which she owned in Bristol, Pa. The policy in the amount of $1,000 insured plaintiff for the term of three years, from the 10th day of August, 1934, to the 10th day of August, 1937, against all direct loss and damage by fire to the property therein described. On February 15, 1937, plain-

tiff's building was totally destroyed by fire, and she instituted an action of assumpsit to recover on the policy. At the trial in the court below, at the conclusion of plaintiff's case, the trial judge granted defendant's motion for compulsory nonsuit. The court subsequently refused to take it off, and plaintiff has appealed.

Defendant did not deny that appellant suffered a loss; this controversy arose over the amount of the loss. It is defendant's position that the nonsuit was properly entered because of appellant's failure to establish by competent evidence the value of the building when the loss occurred. Under the terms of the policy defendant was liable "to the extent of the actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage, but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality within a reasonable time after such loss or damage."

Angelo DiRenzo, a contractor and builder, one of appellant's witnesses, testified that he had made an estimate of what it would cost to replace the building with like material, and that the estimated cost was $1,724.74. The witness was then asked to state the actual cash value of the building immediately before the fire, taking into consideration the cost of construction of a new building and the depreciation in value during the existence of the old building. Defendant's objection to the question was sustained by the trial judge. No objection was made to the witness' qualifications which had been previously developed; nor did defendant make any request, or attempt, to interrogate him as to his qualifications to make an estimate, or the method which he proposed to use to determine the depreciation, or the kind and quality of the materials entering into the estimate. Appellant's second assignment of error is accordingly sustained.

This same witness subsequently testified that it would cost $2,500 to replace the destroyed building with the

same material (white pine) as that of which it was originally constructed; that his estimate of $1,724.74 was based upon the use of North Carolina pine which is similar, but much cheaper in price than white pine. The witness explained the difference in cost of the two types of lumber, and stated that the grade of white pine originally used was unobtainable. On defendant's motion the trial judge struck from the record the testimony as to reproduction cost based on North Carolina pine. This was the cost of a substantial duplication of the building. We think the jury would have been entitled to this information, and that the evidence was relevant, and therefore admissible. See *Bobereski v. Insurance Company of the State of Pennsylvania*, 105 Pa. Superior Ct. 585, 590, 161 A. 412. Appellant's seventh assignment of error, which complains of this ruling by the trial judge, is sustained.

No objection was made by defendant to appellant's evidence as to what it would cost to replace the building with new white pine lumber. Appellant's witness also testified that in his opinion the actual value of the building when it was destroyed by fire on February 15, 1937, was between $1,200 and $1,400. Counsel for defendant argues that such value was not determined by applying a proper percentage of depreciation to the cost of new material, but was predicated upon rentals which might possibly be received for the building. This is a possible, but not an inevitable, conclusion. The witness gave his opinion that the building was worth $2,400, predicated upon the rentals received, and that the basis of his calculation was on a 10 per cent return. In considering the evidence introduced by appellant she must receive the benefit of all inferences fairly deducible therefrom, and we must resolve all doubts in her favor. *Donze et al. v. Devlin*, 329 Pa. 1, 195 A. 882. On cross-examination appellant's witness was led to say that if the building was not rented it would not be

worth anything; and when he was asked to explain what he meant by that statement he was denied the opportunity by the trial judge. Appellant's sixth assignment of error, which complains of this ruling, is likewise sustained. The rental value of the property at the time of the fire had a bearing on the actual value, and was admissible. 26 C. J. p. 536, § 750; *Cumberland Valley Mutual Protection Co. v. Schell,* 29 Pa. 31. The witness should have been permitted to correct or explain his statement. We do not believe, after an examination of his testimony, that he meant to say that the building would have had no actual cash value when destroyed, if unrented at the time. As to "actual cash value" see *Patriotic Order Sons of America Hall Ass'n v. Hartford Fire Ins. Co.,* 305 Pa. 107, 157 A. 259; *Fedas v. Insurance Company of the State of Pennsylvania,* 300 Pa. 555, 151 A. 285; *J. Purdy Cope Hotels Co. et al. v. Fidelity-Phenix Fire Ins. Co.,* 126 Pa. Superior Ct. 260, 264, 191 A. 636. Assuming, as defendant argues, that the witness fixed the actual cash value of the building at the time of fire at $1,200 or $1,400 on a rental basis, the witness should have been allowed to state in what manner he arrived at that amount.

It is true, as said by the learned court below in its opinion refusing to take off the compulsory nonsuit, that the testimony of the witness DiRenzo is somewhat confused, but appellant is not entirely chargeable with this result. We think the witness' testimony was susceptible of reconciliation, and that it was for the jury to determine the construction to be placed upon it. *Parker v. Matheson Motor Car Co.,* 241 Pa. 461, 88 A. 653. Had the witness been permitted to testify more fully, it is probable that some of the conflicts would have been obviated. The issue involved in this case is simple, and the applicable rules of law are clearly established. When the case is retried, adherence to the

recognized methods of proof should present to the jury the question for determination devoid of any confusion.

Judgment of the court below is reversed, with a venire.